**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**


**TONIA MARIE SKINNER AND GREGORY**
**W. CAUSEY**

**DOCKET NO. _____**

**VERSUS**


**JASON ARD, AS SHERIFF OF THE PARISH**    **JUDGE _____**
**OF LIVINGSTON, THE LIVINGSTON**
**PARISH SHERIFF'S OFFICE**
**AND DEPUTY BARNEY McLIN**    **MAGISTRATE _____**


## COMPLAINT


**NOW INTO COURT**, through undersigned counsel, come Petitioners **TONIA MARIE**

**SKINNER and GREGORY W. CAUSEY**, both persons of the full age of majority and domiciled

in the Parish of Livingston, State of Louisiana, who respectfully represent:

### JURISDICTION AND VENUE

1.    Jurisdiction is invoked pursuant to 28 U.S.C. §1331(Federal Question) and 28

U.S.C.§ 1343 (Civil rights). Plaintiff invokes the supplemental jurisdiction of the court to hear and

decide plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2.    Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the

events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

### PARTIES

Plaintiffs herein are:

3.    **TONIA MARIE SKINNER**, (hereinafter sometimes referred to as Ms. Skinner) a

resident and domiciliary of the Parish of Livingston, State of Louisiana, and a citizen of the United

States of America, who at all times pertinent hereto was and remains married to GREGORY W. CAUSEY; and

4.      **GREGORY W. CAUSEY**, (hereinafter sometimes referred to as Mr. Causey) a resident and domiciliary of the Parish of Livingston, State of Louisiana, and a citizen of the United States of America, who at all times pertinent hereto was and remains married to TONIA MARIE SKINNER.

Made defendants herein are:

5.      **JASON ARD**, (hereinafter sometimes referred to as SHERIFF ARD), Sheriff, the governing authority, decision maker for the Livingston Parish Sheriff's Office, who pursuant to custom and usage, deprived Plaintiff of her rights secured by the United States Constitution in violation of 42 U.S.C. § 1983. He is being sued in his individual capacity and in his official capacity as the Sheriff of Livingston Parish. Upon information and belief, he is a resident of the Parish of Livingston, State of Louisiana, and can be served at 20180 Iowa Street, Livingston, Louisiana 70754;

6.      **LIVINGSTON PARISH SHERIFF'S OFFICE**, a Louisiana Political Entity organized under the laws of the State of Louisiana. LIVINGSTON PARISH SHERIFF'S OFFICE is being sued pursuant to 42 U.S.C. § 1983 and pursuant to the doctrine of *respondeat superior* on the pendant State Law claims. LIVINGSTON PARISH SHERIFF'S OFFICE is domiciled in the Parish of Livingston, State of Louisiana, and can be served through the Sheriff, Jason Ard, at 20180 Iowa Street, Livingston, Louisiana 70754; and

7.      **DEPUTY BARNEY McLIN**, (hereinafter sometimes referred to as DEPUTY McLIN), a sheriff's deputy with the LIVINGSTON PARISH SHERIFF'S OFFICE, who, at the times of the occurrence described herein, was employed as a law enforcement officer for the

LIVINGSTON Parish Sheriff's Office and acting within the course and scope of his employment for purposes of State Law, and under color of State Law for purposes of Federal Law. DEPUTY McLIN is a citizen of the State of Louisiana and the United States of America. He is being sued in his individual capacity and in his official capacity as a Livingston Parish Sheriff's deputy. Upon information and belief, he is domiciled in the Parish of Livingston, State of Louisiana, and can be served through the Sheriff, Jason Ard, at 20180 Iowa Street, Livingston, Louisiana 70754.

## INTRODUCTION

8.      This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' Fourth and Fourteenth Amendment rights as secured by the United States Constitution as well as other State Law claims as are discussed in further detail below.

9.      At all times relevant hereto and in all actions described herein, Defendants, SHERIFF ARD and DEPUTY McLIN, acted under color of state law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions.

10.      At all times relevant hereto and in all actions described herein, Defendant, DEPUTY McLIN acted within the course and scope of his employment with the Livingston Parish Sheriff's office.

## FACTS

11.      Upon information and belief, DEPUTY McLIN, at all times pertinent hereto, was and is employed as a Civil Processing Officer with the Livingston Parish Sheriff's Office, and his main responsibility was/is service of civil summons upon citizens of the Parish of Livingston.

12.    On or about the morning of February 1, 2018, DEPUTY McLIN arrived at Plaintiffs' residence located at 34565 AJ Williams Road, Walker, Louisiana purportedly for the purposes of serving MS. SKINNER with a Jury Summons.

13.    MS. SKINNER saw DEPUTY McLIN pull up in her front yard and went outside to let him know that her dog, Roscoe, had just been let out and asked him to wait by his unit so she could get Roscoe back into the house.

14.    DEPUTY McLIN, nevertheless, proceeded towards MS. SKINNER and further onto her property, when Roscoe came from the back of the house and property and ran towards MS. SKINNER and DEPUTY McLIN.

15.    Roscoe ran around the back side of DEPUTY McLIN and, upon information and belief, nipped at his lower right rear calf area, then ran back toward MS. SKINNER, who was reaching for Roscoe to bring him inside.

16.    As Roscoe retreated from DEPUTY McLIN, DEPUTY McLIN immediately responded by pulling his personally owned weapon and shooting Roscoe twice in the side, within close distance of MS. SKINNER, who was reaching for the dog to bring him back inside.

17.    After being shot, Roscoe attempted to crawl - on his side - toward the house and MS. SKINNER, while MS. SKINNER moved closer toward the dog.

18.    DEPUTY McLIN attempted to shoot Roscoe again but missed the dog. He then took a few steps forward and shot Roscoe in the head, killing him.

19.    MR. CAUSEY arrived upon the scene shortly thereafter and observed Roscoe, dead on the ground, and his grief-stricken wife.

20.    There was no justifiable cause for DEPUTY McLIN to discharge his firearm or use deadly force upon Roscoe.

21.     DEPUTY McLIN reasonably could have and should have employed non-lethal methods to restrain Roscoe, rather than killing him; or could have gone back to his vehicle as MS. SKINNER advised initially; or allowed MS. SKINNER to retrieve her dog and put him back in the house. DEPUTY McLIN neither attempted nor allowed any of these or other reasonable options.

22.     Upon information and belief, Defendants, SHERIFF ARD and the LIVINGSTON PARISH SHERIFFS' OFFICE, failed to train and equip DEPUTY McLIN with respect to properly handling dog/animal encounters without the use of lethal force.

23.     Plaintiffs' property was damaged by an intentional act at the hands of DEPUTY McLIN.

24.     As a result of this incident, MS. SKINNER and MR. CAUSEY suffer from mental anguish due to the loss of their property, beloved pet, and companion, Roscoe, as well as witnessing his murder and MS. SKINNER being within feet of the trajectory of DEPUTY McLIN's fired weapon.

25.     Roscoe was a six (6) year old Weimeraner dog who had been a part of Plaintiffs' family for six (6) years.

26.     Roscoe lived at Plaintiffs' home and was owned and cared for by them and their family.

27.     Roscoe was always confined to Plaintiffs' home and/or back yard and rarely left.

28.     DEPUTY MCLIN is employed as a Civil Processing Officer who enters upon personal property of citizens daily to serve summons on in the Parish of Livingston, and thus should have been trained in methods of handling situations involving animals without lethal force.

29.    MS. SKINNER, upon seeing DEPUTY McLIN pull up in front of her property, informed DEPUTY McLIN that she had just let her dog out, so DEPUTY McLIN was not surprised by Roscoe's presence.

30.    Upon information and belief, the LIVINGSTON PARISH SHERIFF'S OFFICE and its decision maker, JASON ARD, with deliberate indifference, gross negligence, and reckless disregard to the rights of Plaintiffs - and all persons similarly situated - maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to) subjecting citizens to unreasonable seizures by failing to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

31.    DEPUTY McLIN acted unreasonably under the circumstances by resorting to lethal force. DEPUTY McLIN's unreasonable action is wholly or partially a result of the Defendants, SHERIFF ARD and the LIVINGSTON PARISH SHERIFFS' OFFICE failure to train and/or equip DEPUTY McLIN to properly handle dog/animal encounters without the use of lethal force.

32.    Upon information and belief, Defendants, SHERIFF ARD and the LIVINGSTON PARISH SHERIFFS' OFFICE had a policy, practice, or custom of failing to train or failing to adequately train its officers regarding use of lethal force and handling dog/animal encounters.

## DAMAGES

33.    Plaintiffs, TONIA MARIE SKINNER and GREGORY W. CAUSEY, suffered and continue to suffer from mental and emotional distress caused by the intentional actions of Defendants. Plaintiffs itemize their damages in the following particulars, to-wit:

(A) Loss of property;

(B) Past, present, and future medical/veterinary expenses;

(C) Past, present, and future mental and emotional pain, anguish, and distress;

(D) *LeJeune* damages; and

(D) Loss of sense of security and trust for law enforcement.

## CLAIMS FOR RELIEF

### COUNT I- 42 U.S.C. §1983
### Fourth Amendment- Illegal Seizure

34.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

35.     The killing of a family pet by law enforcement officers constitutes a seizure and is subject to the provisions of the Fourth Amendment to the Constitution of the United States.

36.     The foregoing wrongful acts of Defendants, acting under color of State law, resulted in the death of Roscoe and in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

37.     DEPUTY McLIN's actions in killing Roscoe were unreasonable and in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.     As a direct and proximate result of DEPUTY McLIN's illegal seizure, and the other wrongful acts of Defendants, JASON ARD and LIVINGSTON PARISH SHERIFF'S OFFICE, Plaintiffs suffered injury, including emotional anguish, pain, suffering, fear, apprehension, depression, anxiety, loss of enjoyment of life, the loss of their beloved dog, Roscoe, and their companionship.

39.     It was unreasonable for DEPUTY McLIN to shoot at and kill Roscoe on Plaintiffs' property with MS. SKINNER mere feet away from the dog, while MS. SKINNER was attempting to get the dog back into the house.

40.    The acts of DEPUTY McLIN were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Plaintiffs, thus entitling them to an award of punitive damages against Defendant McLIN.

41.    Upon information and belief, the LIVINGSTON PARISH SHERIFF'S OFFICE and its decision maker, JASON ARD, with deliberate indifference, gross negligence, and reckless disregard to the rights of Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property and failure to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

42.    As a result of Defendants' unlawful actions and infringements of their protected rights, Plaintiffs have been compelled to retain counsel in this matter and are therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. 1988.

## COUNT II- State Law Claim
### Conversion

43.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

44.    Plaintiffs, TONIA MARIE SKINNER and GREGORY W. CAUSEY, were the lawful owners of Roscoe.

45.    Defendant, DEPUTY McLIN, took possession and control of Roscoe by intentionally killing him.

46.    As a result, DEPUTY McLIN deprived Plaintiffs of their right to possession of Roscoe.

## COUNT III- State Law Claim
### *Respondeat Superior*

47.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

48.    In committing the acts alleged in the preceding paragraphs, DEPUTY McLIN was employed by SHERIFF JASON ARD and the LIVINGSTON PARISH SHERIFFS' OFFICE and thereby acting as an agent of the LIVINGSTON PARISH SHERIFF'S OFFICE.

49.    In committing the acts alleged in the preceding paragraphs, DEPUTY McLIN was, at all times pertinent herein, in the course and scope of his employment with LIVINGSTON PARISH SHERIFF'S OFFICE.

50.    Defendant, LIVINGSTON PARISH SHERIFF'S OFFICE, is liable as principal for all acts/omissions committed by its agents and employees.

51.    The actions of the individual Defendants caused Plaintiffs to suffer the damages outlined herein.

### COUNT IV-State Law Claim
### Negligent Hiring, Training, and Supervising

52.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

53.    Plaintiffs allege that JASON ARD and the LIVINGSTON PARISH SHERIFF'S OFFICE failed to properly hire, train, and/or supervise its officers, including DEPUTY McLIN with respect to handling animal encounters, thereby resulting in the subject incident.

54.    As described in the preceding paragraphs, Plaintiffs allege that JASON ARD and the LIVINGSTON PARISH SHERIFF'S OFFICE failed to adequately train and/or instruct officers, including DEPUTY McLIN, in the management, risks, and procedures involved in an animal encounter incident and use of deadly force.

55.    As described in the preceding paragraphs, Plaintiffs allege that JASON ARD and the LIVINGSTON PARISH SHERIFF'S OFFICE failed to institute policies and/or procedures concerning animal encounters and use of deadly force, and to train and/or instruct officers in such policy and/or procedures.

56.    As a result of the aforementioned, Plaintiffs have suffered emotional injuries and damages due to the loss of their pet and companion.

**MISCELLANEOUS**

57.    Plaintiffs show that the incident described herein was solely caused by, either individually or in concert, the actions/inaction and/or negligence of Defendants, JASON ARD, LIVINGSTON PARISH SHERIFF'S OFFICE, and DEPUTY McLIN.

58.    Plaintiffs desire and pray for a jury trial on all issues

59.    Defendants, JASON ARD, LIVINGSTON PARISH SHERIFF'S OFFICE, and DEPUTY McLIN are liable unto Plaintiffs, TONIA MARIE SKINNER and GREGORY W. CAUSEY, for reasonable damages, together with legal interest thereon from date of judicial demand until paid, and for all reasonable costs associated with this litigation and proceedings.

60.    Plaintiffs are entitled to an award of compensatory damages against the individual Defendants, JASON ARD and DEPUTY McLIN in their individual capacity under 42 U.S.C.§ 1983.

61.    Plaintiffs are entitled to punitive damages against the individual Defendants, because their acts were reckless and showed callous indifference toward the rights of the Plaintiffs.

62.    Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses, and costs.

**WHEREFORE**, Plaintiffs, TONIA MARIE SKINNER and GREGORY W. CAUSEY, pray that after all due proceedings had, there be a judgment in their favor and against Defendants, JASON ARD, LIVINGSTON PARISH SHERIFF'S OFFICE, and DEPUTY BARNEY McLIN for such sums as are reasonable in the premises, together with interest thereon at the legal rate

from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings.

FURTHER PRAY for all other general and equitable relief in the premises.

Respectfully submitted,


 /s/ Jennifer G. Prescott _____
**JENNIFER G. PRESCOTT (#33848)**
**ABBOTT PRESCOTT, ATTORNEYS AT LAW**
16260 Airline Hwy, Suite E
Prairieville, LA 70769
Telephone: (225) 406-7474
Facsimile: (225) 442-8885
E-mail: jennifer@abbottprescott.com